**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BYRIDER FRANCHISING, INC.,

        Petitioner,

vs.                                    Case No. 3:09-cv-618-J-34MCR

GREGORY C. EDWARDS,

        Respondent.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on the Petition to Confirm Arbitration Award filed by Petitioner, Byrider Franchising, Inc., on July 6, 2009 (Doc. 1).

### **I. INTRODUCTION**

Petitioner brought this action for confirmation of a written arbitration award rendered on June 19, 2009 in favor of Petitioner, Byrider Franchising, Inc., and against Respondent, Gregory C. Edwards, and entry for judgment thereon (Doc. 1). On July 24, 2009, Petitioner properly served Respondent with its Petition to Confirm Arbitration Award (Docs. 5, 7). To date, Respondent has not filed a response.

### **II. BACKGROUND FACTS**

A written franchise agreement ("Franchise Agreement") was executed between Petitioner, as franchisor, and Respondent, as franchisee, on July 23, 2002 (Doc. 13, Ex.

---

[1] Any party may file and serve specific, written objections hereto with TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

A). Section 19.1 of the Franchise Agreement contains a provision to arbitrate disputes arising out of or relating to the agreement. A dispute between the parties ensued and an arbitration hearing was conducted on May 5, 2009 before A. Bruce Schimberg, an arbitrator selected in the manner specified by the American Arbitration Association. All parties appeared at the hearing and were represented by counsel.[2]

On June 19, 2009, Mr. Schimberg rendered a written arbitration award granting Petitioner damages in the amount of $57,418.65 plus interest at the rate of 8% per annum from November 10, 2008 until paid; $8,168.09 plus interest at 8% per annum from November 29, 2008 until paid; $30,481.20 plus interest at the rate of 8% per annum from June 19, 2009 until paid; $293,824.92 plus interest at the rate of 8% per annum from June 19, 2009 until paid; and arbitration costs in the amount of $26,474.20[3] ("Arbitration Award"). Petitioner seeks confirmation of said award and entry of a judgment thereon.

## III. ANALYSIS

Petitioner brought this action pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9 (2009), which governs confirmation of written arbitration awards. Section 9 of the Federal Arbitration Act provides, in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any

---

[2] The Court is taking the facts presented in Petitioner's Petition to Confirm Arbitration Award as true, as there has been no evidence presented to the contrary.

[3] The award of arbitration costs is conditioned upon demonstration by Byrider Franchising, Inc. that the costs incurred have been paid.

> time within one year after the award is made any party to the arbitration may apply to the court specified for an order confirming the award, and thereon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9 (2009). In short, the Court *must* confirm an arbitration award if the parties agreed that a judgment shall be entered upon the award *and* request for confirmation is made within one year after the award *unless* the award is vacated, modified or corrected. See Hall St. Assocs., L.L.C. v. Mattel, Inc., 128 S. Ct. 1396, 1405 (2008); 9 U.S.C. § 9 (2009).

Here, the conditions of Section 9 of the Federal Arbitration Act have been met. The parties agreed that a judgment shall be entered upon the award. Indeed, Section 19.1 of the Franchise Agreement states that "[t]he award of the arbitrator shall be conclusive and binding upon all parties hereto and judgment upon the award may be entered in any court of competent jurisdiction." (Doc. 13, Ex. A). Additionally, Petitioner's request for confirmation was made within one year after the award was rendered. The Arbitration Award was rendered on June 19, 2009 and the Petition to Confirm Arbitration Award was filed on July 6, 2009. Further, the award has not been vacated, modified, or corrected.

The Court notes that although Section 9 of the Federal Arbitration Act provides that the parties "shall specify the court," Section 9 goes on to add that "[i]f no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made." 9 U.S.C.

§ 9 (2009). Here, the award was not made in this district. However, the Section 9 grant of jurisdiction is not exclusive and permits confirmation of an arbitration award in any district proper under the general venue statute, 28 U.S.C. § 1391(a) (2009). Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co., 529 U.S. 193, 120 S. Ct. 1331 (2000) (allowing motions regarding arbitration awards to be filed either where the award was made or in any district under the general venue statute). Here, venue is proper because respondent resides in this judicial district and a substantial part of the events or omissions giving rise to the claim asserted herein occurred in this judicial district. 28 U.S.C. § 1391(a)(1) & (2) (2009).

Therefore, the Arbitration Award is entitled to confirmation under Section 9 of the Federal Arbitration Act and entry of judgment thereon. Accordingly, after due consideration, it is

**RECOMMENDED**:

The Petition to Confirm Arbitration Award be **GRANTED.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  3rd  day of September, 2009.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard,
    United States District Judge

Counsel of Record

Any Unrepresented Party